G. M. McKELVEY COMPANY, PLAINTIFF-APPELLEE, *v.* GENERAL CASUALTY COMPANY OF AMERICA, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4021. Decided April 24, 1959.

*Messrs. Manchester, Bennett, Powers & Ullman,* for plaintiff-appellee.

*Mr. William E. Pfau & Mr. William E. Pfau, Jr.,* for defendant-appellant.

PHILLIPS, J.   Defendant insurer issued "Comprehensive, Dishonesty and Destructive" insurance policies, of the type commonly known as "Blanket Fidelity Coverage" to plaintiff, a retail merchandising corporation, protecting it against "proven losses arising out of plaintiff's employees dishonesty," which policies were effective at all times to which reference is made herein.

The trial judge admitted in evidence as proof of their losses, over defendant's objection, "Shoppers Reports," identified as plaintiff's Exhibits 7, 9, 10, 12 and 14, showing failure of the named employees to "ring up" on plaintiff's cash registers small sales to "shoppers," the amounts of which sales plain-

tiff conceded it had no evidence other than the written confessions of such employees.

On trial on direct examination employee Hickey denied defalcation and repudiated her confession.

In admitting Hickey's confession the trial judge rightly instructed the jury that it could consider such confession for any value it might have in impeaching Hickey's testimony, but could not "use it * * * for the further purpose of determining the extent of any loss."

"* * * Evidence of prior inconsistent statements of a witness, introduced for the purpose of impeaching him, cannot be considered as substantive evidence of a fact to which it relates." 21 Ohio Jurisprudence (2d), Section 188, Page 201, citing *Mahoning National Bank* v. *Massachusetts Mutual Life Insurance Co.*, 28 Ohio Law Abs., 619.

In testimony of employees Clemens and Carnes, admitted by deposition, without objection, Clemens denied defalcation and Carnes admitted embezzling approximately $200.00 together with taking some merchandise of a value of about $20.00, but the evidence showed that she had paid the plaintiff $400.00.

The confessions of Hickey, Carnes and Clemens disclose that they appropriated to their own uses plaintiff's money in the respective amounts of $3842.00, $3,100.00 (of which $400.00 was repaid) and $870.00 (of which amount $175.00 was repaid), for which amounts the jury returned separate verdicts.

By assignments of error defendant contends:—

"1. Error on the part of the trial court in failing to sustain defendant's motions for a directed verdict and judgment n. o. v.

"2. Error on the part of the trial court in failing to limit the verdict to such an amount as was supported by direct evidence.

"3. Error on the part of the trial court in receiving in evidence testimony and exhibits offered by the plaintiff, and especially certain alleged confessions and shoppers' reports to which exceptions were taken.

"4. Error on the part of the trial court in according probative force to written statements which could only have been properly received for impeachment purposes.

"5. Error on the part of the trial court in refusing to give defendant's request to charge before argument.

"6. Error on the part of the trial court in his general charge to the jury in his interpretation of the term 'verifiable records.'

"7. Error on the part of the trial court in his general charge to the jury in charging the jury that they might find for the plaintiff on the basis of a so-called 'inventory shortage' when no claim of inventory shortage was made.

"8. Error on the part of the trial court in refusing to admit evidence duly proffered by the defendant."

Defendant complains erroneously that the trial judge admitted on plaintiff's offer evidence in connection with an embezzlement by Nell Callahan including receiving in evidence the confession of Callahan, but that the court refused to permit defendant to offer evidence as to the fact that the Callahan loss was paid by defendant after Callahan admitted the veracity of this confession. Defendant also wrongly complains that the trial court refused to permit defendant to show that Hickey, Carnes and Clemens denied the veracity of their confessions very shortly after the confessions were taken.

The trial judge rightly refused to charge the jury in writing before argument the following proposition of law on verifiable records submitted by the defendant, in which refusal defendant contends, but we do not believe, the trial judge erred to his prejudice.

"The court says to you that one of the conditions to the defendant's insurance contract was: 'The insured shall keep verifiable records of all property covered by this policy.'

"If you find from the evidence in this case that the plaintiff, The G. M. McKelvey Company, did not keep records by which the losses complained of could be verified by the defendant, General Casualty Company of America, then I say to you as a matter of law that your verdict must be in favor of the defendant, General Casualty Company of America."

In his general charge the trial judge rightly instructed the jury at some length on the policy provision covering losses arising from inventory shortages, and suggested to the jury that they would have a right to render a verdict on the basis of the

inventory shortage notwithstanding the fact that the inventory records offered by the plaintiff were received over the objection of the defendant and with the express stipulation of counsel for the plaintiff and the court that they were received only as explanatory matter.

The jury returned a verdict for the plaintiff upon which the trial judge duly entered judgment, and from that judgment defendant appealed to this court on questions of law.

In his dissenting opinion written in the previous appeal in this court Griffith, J., said:—

"To enter final judgment in this case may seem unduly harsh. To do otherwise, is to decline to follow the pronouncement of our supreme court. Judicial subordination requires this court to conform its conclusions to those decisions of the supreme court."

In the opinion written in this case on appeal thereto from the decision of this court reversing the judgment of the trial court entering judgment upon the verdict of the jury for the plaintiff the Supreme Court established the law of the case and in the case of *G. M. McKelvey Co.* v. *General Casualty Company of America*, 166 Ohio St., 401, at page 405, said: —

"In the present case, one of plaintiff's employees was called as a witness and denied the facts stated in her prior confession, claiming it was obtained under duress. Under such circumstances her confession was admissible for only the purpose of impeachment of her testimony."

The trial judge did not err to defendant's prejudice in refusing to charge and improperly defining "verifiable records" in his general charge; nor in instructing the jury that it might render a verdict based upon inventory shortages when there was no such claim in the plaintiff's petition, nor the evidence.

Further, the trial judge did not err in refusing defendant's proffered proof as to the investigation which it made in connection with these claimed losses, nor in other respect urged except as noted.

Having reviewed all of the evidence and carefully considered the assigned grounds of error we conclude that under the ruling of the case of *The G. M. McKelvey Co.* v. *General Casualty Co. of America*, 166 Ohio St., 401, the verdict of $3842.00 for the alleged defalcation of Hickey is not based upon

any substantive evidence, and therefore that part of the judgment of the trial court must be and hereby is reversed.

The amounts of the verdict returned for the defalcations of Carnes and Clemons are valid since there is sufficient substantive competent evidence to support them. Therefore the judgment of the trial court as to the defalcations of Carnes and Clemons as evidenced by the amounts set out in the verdict are affirmed, together with interest thereon.

The judgment of the trial court is reversed in part and affirmed in part.

GRIFFITH, P. J., DONAHUE, J., concur.